UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WELLS CARGO, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALPHA ENERGY AND ELECTRIC, INC., et al., <br><br> Defendants. | Case No. 2:18-cv-01182-JCM-DJA <br><br> **ORDER** |

Presently before the Court is Third Party Defendant Northcon, Inc.'s Motion to Compel (ECF No. 118) and Declaration (ECF No. 119), both filed on February 11, 2020. Counter Claimant Southwestern Construction filed a Joinder (ECF No. 122) on February 25, 2020. Third Party Plaintiff Alpha Energy and Electric, Inc. filed a Response (ECF No. 124) on February 26, 2020, Exhibits (ECF Nos. 125-126). Northcon filed a Reply (ECF No. 131) on March 4, 2020.

Alpha Energy also filed a Counter Motion to Compel (ECF No. 129) on February 27, 2020. Northcon filed a Response (ECF No. 132) and Declarations (ECF Nos. 133-135) on March 12, 2020. Southwestern filed a Joinder (ECF No. 136) on March 12, 2020. Alpha Energy filed a Reply (ECF No. 141) on March 13, 2020. The Court finds these matters properly resolved without a hearing. *See* Local Rule 78-1.

**I.     BACKGROUND**

This matter concerns the construction project that was an addition to the Family Campground at Nellis Air Force Base (the "Project") under a contract with the Army Corps of Engineers and Alpha Energy. Alpha Energy subcontracted with Southwestern for landscaping and asphalt paving work and with Northcon for project management and additional work. Northcon has brought payment claims against Alpha Energy and its surety, American Contractors

Indemnity Company.  In the instant motion, Northcon seeks an order compelling Alpha Energy to produce its Quickbooks in native format in response to Request for Production No. 72.  (ECF No. 118).  It argues the documents consist of financial records concerning the profit, loss, cost, charge, and payment related to the Project that Alpha Energy has failed to produce to date as it only provided a faulty link in response to RFP No. 72.  Southwestern also requests that the Court compel production as the documents are relevant to its claims due to the change order work it completed on the Project.  (ECF No. 122).

Alpha Energy responds that it has paid more that it owed to Northcon and believes Northcon diverted resources from the Project to two other projects, which it wishes to pursue in discovery.  (ECF No. 124).  It also argues that RFP No. 72 was so overly broad that Alpha Energy couldn't have known that its Quickbooks were within the scope.  Further, Alpha Energy claims that as the Quickbooks were not requested by RFP No. 72, they were only requested by a RFP never formally served and only conveyed to Alpha Energy two weeks before the close of discovery via phone call with Northcon's counsel on January 30, 2020.  Also, Alpha Energy argues that its Quickbooks are not divided by project, but instead, are used for entries on all of its projects so production is native format is not easy.  Instead, Alpha Energy argues that it provided working links to the relevant financial documents via google drive.  Finally, it claims Northcon failed to properly meet and confer prior to bringing its Motion to Compel.

Additionally, Alpha Energy brings a Countermotion to Compel that broadly seeks to compel responses to all of its first set of RFPs, which were served on December 26, 2018 and responded to by Northcon on March 8, 2019.  (ECF No. 129).  Alpha Energy claims that Northcon simply dumped approximately 15,000 documents without identifying which RFP they were responsive to and after meet and confer efforts, merely added more documents without supplementing their responses.  Additionally, Alpha Energy seeks responses to its second set of RFPs served on January 7, 2020, which it claims Northcon has not provided any documents in response to and just made boilerplate objections.

Northcon replies that not only were its meet and confer efforts sufficient prior to bringing the instant motion, but also, the linked documents submitted via google drive by Alpha Energy

did not include financial and accounting records.  It claims the documents provided were an incomplete jumble of documents and thus, are an inadequate replacement for production of the Quickbooks.  Northcon underscores that Alpha Energy failed to set forth any argument on how extracting Quickbooks onto a thumb drive is overly burdensome.  Further, Northcon claims the request for Quickbooks was an attempt to narrow its request for financial information under RFP No. 72 as an efficient and cost-effective way to resolve the discovery dispute.

Northcon also responds to Alpha Energy's Countermotion to Compel by claiming it has produced all responsive documents, including a supplemental production, and even utilized a third-party provider to bates-stamp and provide the documents. (ECF No. 132).  It claims that the second set of RFPs requested documents for the unrelated Saber project and HUBZone investigation, which it objected to on relevance grounds.  Indeed, those documents were subject to a separate litigation in this Court, which has been dismissed.  Northcon also argues the Countermotion is untimely as Alpha Energy has sat on this discovery dispute knowing of Northcon's objections since June 14, 2019 and it is procedurally deficient as it fails to set forth the text of the discovery sought and responses.

Southwestern also joins the Countermotion to the extent that it seeks to have Northcon identify which documents are responsive to which request to avoid having to guess. (ECF No. 136).

Alpha Energy replies that at first, Northcon failed to provide any documents responsive to the first set of RFPs, and then after meet and confer efforts, Northcon lumped together documents in supplemental disclosures. (ECF No. 141).  It claims the Saber Project and HUBZone investigation documents are relevant to this case and it would have been inefficient to provide the text of each discovery request and response.

**II.    DISCUSSION**

Fed.R.Civ.P. 34 requires a party upon whom document requests are served to respond in writing within 30 days after being served with the requests.  The "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Haddad v. Interstate*

*Management Co., LLC*, 2012 WL 398764, * 1 (D. Nev. 2012) (same).  Further, Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.*

Preliminarily, the Court is not persuaded by Alpha Energy's arguments that an insufficient meet and confer was conducted prior to the instant motion was filed.  Northcon's counsel clearly attempted to meet and confer multiple times with Alpha Energy's counsel to resolve this discovery dispute without court intervention.  Moreover, the Court also finds that the specific request for Quickbooks falls within the scope of RFP No. 72 and was clarified by Northcon's counsel during the meet and confer process.  Therefore, it finds the request for Quickbooks to be timely and ripe.

Next, the Court examined whether the information sought by Northcon's RFP No. 72 was relevant to a party's claim or defense and proportional to the needs of the case.  It finds that Northcon has carried its burden of demonstrating relevance as the financial information in the Quickbooks consists of information on profits of the Project that affect the damages calculation of this litigation along with prompt payment of subcontractors.

For the proportionality analysis, the Court considered the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1); *see also Caballero v. Bodega Latina Corp.*, 2017 WL 3174931 at *2 (D. Nev. July 25, 2017).  Ultimately, the Court finds the production of the Quickbooks **related to the Project** to be proportional.  Alpha Energy failed to articulate a satisfactory reason for the Court to find the cost or number of documents is so excessive as to not be proportional, especially given the importance of the financial documents in resolving the issues in dispute in this litigation.  The Court will require Alpha Energy to produce its Quickbooks, redacted as necessary to exclude entries for other projects, within 30 days of this Order.  It will require production in native format as much as possible.

As for Alpha Energy's Countermotion, the Court finds that it cannot be granted in full for several reasons.  First, the motion generally requests compelling responses to all of its first and

second sets of RFPs without setting forth the text of each request and response as required by the Local Rules. LR 26-7.  Second, Alpha Energy claims that the objections were boilerplate and thus, should be rejected for every single response.  However, Northcon has provided sufficient evidence that it provided all documents that are responsive to the requests within its possession, provided reference in terms of bates-stamped pages, and the Court is not inclined to strike its timely stated objections at this point.  Third, the Court does not find documents requested in the second set of RFPs regarding the Saber Project to be relevant and proportional to the needs of this case.  That was subject to a separate lawsuit that was already dismissed and speculation as to overlap of resources is not enough to make it relevant to this matter.  Similarly, Alpha Energy failed to establish the relevance of the investigation of Northcon's eligibility as a HUBZone contractor to this litigation, much less how those documents would be proportional to the needs of this case given that Northcon represents they consist of over 200,000 documents including attorney-client privileged documents that would require over 500 hours of review to produce.

Nevertheless, Northcon will be required to supplement its responses to identify – by bates-stamp numbers – the documents that it has produced that are responsive to each request.  A mere production of documents is not sufficient to comply with its obligation to specifically identify which documents are responsive to which request.  The Court will not require Northcon to produce them in a chronological fashion or per custodian as Alpha Energy suggests; that goes beyond what is required  It will have 30 days to provide supplemental responses that identify which documents are responsive to which RFP.

Finally, the Court finds that sanctions are not warranted at this time – against either party – as neither party fully succeeded on their discovery motion.  Moreover, it encourages them to continue to meet and confer in good faith to resolve further discovery disputes as it appears as though the disputes at issue here could have been resolved with additional efforts and Northcon's counsel was willing to continue to work towards a resolution.

### III. CONCLUSION

IT IS HEREBY ORDERED that Third Party Defendant Northcon, Inc.'s Motion to Compel (ECF No. 118) is **granted in part and denied in part.**

IT IS FURTHER ORDERED that Third Party Plaintiff Alpha Energy and Electric, Inc.'s Counter Motion to Compel (ECF No. 129) is **granted in part and denied in part**.

DATED: April 29, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE