UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF WELLS
CARGO, INC.,

Case No. 2:18-CV-1182 JCM (EJY)

ORDER

Plaintiff(s),

v.

ALPHA ENERGY AND ELECTRIC,
INC., et al.,

Defendant(s).

Presently before the court is third-party defendant Southwestern Construction, Inc.'s ("Southwestern") motion in limine (ECF No. 170), in which third-party defendant Northcon, Inc. ("Northcon") joined. (ECF No. 171). Third-party plaintiff Alpha Energy and Electric, Inc. ("Alpha") filed a response (ECF No. 174), to which Southwestern and Northcon replied (ECF Nos. 175, 176).

Also before the court is Alpha's motion to extend time to respond to Southwestern's motion. (ECF No. 172). No party responded, and the time to do so has passed.[1]

## I.   Background

This matter arises from construction contracts between contractor Alpha, subcontractor Southwestern, and project manager Northcon for a project at the Nellis Air Force Base in Nevada. On June 28, 2018, plaintiff Wells Cargo, Inc. ("Wells Cargo"), filed the original claim

---

[1] As an initial matter, with good cause appearing, the court GRANTS Alpha's motion (ECF No. 172) nunc pro tunc.

James C. Mahan
U.S. District Judge

in this matter against Alpha and against Alpha's surety, defendant American Contractor's Insurance Corporation ("ACIC").

On August 6, 2018, Alpha filed its third-party complaint against Southwestern and Northcon.  (ECF No. 6).  Alpha alleges that the subcontract between Alpha and Southwestern contains an indemnity provision wherein Southwestern indemnified Alpha for any damage arising out of supplier claims.  (*Id.* at 9).  Alpha further alleges that the project management contract between Alpha and Northcon required Northcon to manage, handle, review, and track all payments for subcontractors working on the project.  (*Id.* at 8).

According to Alpha, Southwestern breached its contract with Alpha by failing to pay one of its suppliers, plaintiff Wells Cargo, during the Nellis project.  (*Id.* at 9).  Alpha also alleges that Northcon breached its contract by failing to properly manage payment requests and applications under the Nellis project.  (*Id.* at 8).  Further, Alpha alleges that it is entitled to indemnification from both Southwestern and Northcon for any judgment against Alpha in favor of Wells Cargo in the underlying litigation.  (*Id.* at 11).

On July 22, 2019, the court granted plaintiff Wells Cargo's motion for summary judgment against Alpha in the amount of $134,814.76.  (ECF No. 89).  On August 19, 2019, ACIC and Wells Cargo entered into a settlement agreement and agreed to a complete settlement.  (ECF No. 91).  According to Alpha, the settlement amount is $149,955.64.  (*See* ECF No. 174 at 3).  On September 11, 2019, the parties stipulated to dismiss Wells Cargo from this matter.  (ECF No. 93).

Alpha made its initial disclosures to Southwestern and Northcon for its third-party action on October 10, 2018.  (ECF No. 170-1).  Where Alpha was required to disclose its calculation of damages, it provided an empty table listing "TBD" under the amount of damages.  (*Id.* at 11).  On February 13, 2019, Alpha supplemented its initial disclosures, but again provided "TBD" for the amount of damages.  (ECF No. 170-2 at 12).

On December 12, 2019, Alpha again supplemented its disclosures, this time alleging $149,955.64 in special damages "[a]gainst Southwestern Construction, Inc. and Northcon, Inc.," as well as $397.841.72 in special damages "[a]gainst Northcon, Inc."  (ECF No. 170-4 at 11).

James C. Mahan
U.S. District Judge

- 2 -

1    Alpha provided no calculation for these damages, and according to Southwestern, did not make

2    available any documents or other evidence upon which those damages were based.  When

3    discovery closed on February 11, 2020, Alpha had still not provided a calculation of damages or

4    any evidence supporting its damages.

5          With trial set for March 14, 2022, Southwestern and Northcon now move the court to

6    impose sanctions onto Alpha for failing to adequately engage in discovery in this matter.

7    Specifically, the parties move to exclude from trial any undisclosed and improperly disclosed

8    evidence regarding Alpha's alleged damages.

9    **II.**    **Legal Standard**

10        A.  <u>Motion in limine</u>

11          "The court must decide any preliminary question about whether . . . evidence is

12    admissible."  Fed. R. Evid. 104.  Motions in limine are procedural mechanisms by which the

13    court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly

14    prejudicial evidence.  *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v.*

15    *Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

16          "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

17    practice has developed pursuant to the district court's inherent authority to manage the course of

18    trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).  Motions in limine may be used to

19    exclude or admit evidence in advance of trial.  *See* Fed. R. Evid. 103; *United States v. Williams*,

20    939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling in limine that prosecution

21    could admit impeachment evidence under Federal Rule of Evidence 609).

22        B.  <u>Discovery violations</u>

23          Federal Rule of Civil Procedure 26(a) provides that a party must provide "a computation

24    of each category of damages claimed by the disclosing party—who must also make available for

25    inspection . . . the documents or other evidentiary material . . . on which each computation is

26    based."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Rule 26(e) provides that a party must "supplement or

27    correct" its disclosures "in a timely manner . . . if the additional or corrective information has not

28    otherwise been made known to the other parties during the discovery process or in writing."

**James C. Mahan**
**U.S. District Judge**

1    FED. R. CIV. P. 26(e)(1)(A).  A party's failure to properly disclose or supplement information

2    required by Rule 26(a) or (e) bars the party from using that information as evidence at trial

3    unless the failure was substantially justified or harmless.  FED. R. CIV. P. 37(c)(1).

4         The district court is vested with broad authority to impose sanctions "as are just," so long

5    as the court does not abuse its discretion in doing so.  *See Yeti by Molly, Ltd. v. Deckers Outdoor*

6    *Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.

7    1997); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir.

8    1997); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).  The Ninth Circuit "give[s]

9    particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."

10   *Yeti by Molly*, 259 F.3d at 1106.

11   **III.   Discussion**

12        A.  Alpha violated Rule 26

13        Rule 26(a)(1)(A) requires a plaintiff to make certain initial disclosures to
     the defendant "without awaiting a discovery request."  Pursuant to subsection
14   26(a)(1)(A)(ii), the plaintiff must provide "a copy—or a description by category
     and location—of all documents . . . that the [plaintiff] has in its possession,
15   custody, or control and may use to support its claims."  Pursuant to subsection
     26(a)(1)(A)(iii), the plaintiff must provide "a computation of each category of
16   damages claimed" and must "make available for inspection and copying as under
     Rule 34 the documents or other evidentiary material, unless privileged or
17   protected from disclosure, on which each computation is based."  The advisory
     committee note to Rule 26 describes this last requirement as "the functional
18   equivalent of a standing Request for Production under Rule 34."  FED. R. CIV. P.
     26 advisory committee's note to 1993 Amendments (explaining that, "[a] party
19   claiming damages or other monetary relief must ... make available the supporting
     documents for inspection and copying as if a request for such materials had been
20   made under Rule 34").

21   *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245–46 (9th Cir. 2012).

22        Here, there is no question that Alpha failed to "make available for inspection" the

23   documents or other evidentiary material on which each computation of its damages was based.

24   In its supplemented disclosure dated December 12, 2019, Alpha updated its claimed damages

25   from "TBD" in all categories to $149,955.64 "against Southwestern, Inc. and Northcon, Inc."

26   and $397,841.72 "against Northcon, Inc."  (ECF No. 170-4 at 11).  Nowhere in that supplement

27   does Alpha refer to a document upon which these numbers are based, nor does it provide a

28   calculation of how it came to those numbers.

James C. Mahan
U.S. District Judge                                      - 4 -

Further, Alpha does not provide a calculation for what amount of the $149,955.64 is attributable to Southwestern and Northcon or otherwise identify that it is seeking joint and several liability on those damages.  Even if Alpha had timely provided the settlement agreement between ACIC and Wells Cargo, it provides nothing to base the $397,841.72 damages alleged against Northcon.

Alpha argues that it had no obligation to disclose the settlement agreement because it had no control over that document.  (ECF No. 174 at 5 ("[T]o the best knowledge and belief of Alpha's present counsel, the actual settlement agreement between Wells Cargo and ACIC was not made available until this counsel informally requested a copy from ACIC after Southwestern filed its present motion.").  This argument is unavailing.

Regardless of when Alpha claims to have received the settlement agreement, it would defy logic to accept that Alpha independently calculated the exact $149,995.64 settlement amount when it supplemented its disclosures on December 12, 2019.  Certainly, Alpha obtained the settlement amount from some source and included the amount in its supplemented disclosures without also disclosing that source.  Even if Alpha did independently calculate the settlement amount, it still failed to disclose that process when it was required to provide "a computation of each category of damages claimed" and "the documents or other evidentiary material . . . on which each computation is based."  FED. R. CIV. P. 26(a)(1)(A)(iii).

Alpha also argues that it had no duty to disclose the calculation of damages because "Southwestern's breach of the contract is its failure to perform under the contractual indemnity provision in the subcontract," and not "for any work that Southwestern did wrongly or did not complete."  (ECF No. 174 at 4).  According to Alpha, this means that its damages sought "are naturally and logically dependent on the amount of ACIC's liability on the bond claim," and that "[t]he amount of settlement between ACIC and Wells Cargo is not really subject to computation."  Alpha's position is plainly false.

While Alpha's fifth cause of action is for Southwestern's failure to indemnify, Alpha's second cause of action alleges that "Southwest[ern] breached the agreement by among other things: failing to perform and fully complete the work mentioned and described in the

James C. Mahan
U.S. District Judge

agreement; failing to pay its subcontractors and/or vendors amounts to which they may be entitled."  (ECF No. 6 ¶ 27).  Similarly, Alpha's first cause of action alleges that "Northcon breached the agreement by among other things: failing to perform and fully complete the work mentioned and described in the agreement . . . ."  (ECF No. 6 ¶ 20).

Alpha thus pleads these two breach of contract claims separately from Southwestern and Northcon's alleged breaches of the duty to indemnify.  Yet, Alpha provides no calculation for what portion of its alleged damages are attributable to either claim or either party.  Further, it provided no evidence supporting these damages.

Accordingly, Alpha's disclosures fail to satisfy the requirements of Rule 26.

B.  Alpha's Rule 26 violation was neither substantially justified nor harmless

Although information that a party fails to timely disclose as required by Rule 26 is ordinarily excluded from evidence at trial, Rule 37 expressly carves out an exception when "the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1).  Here, Alpha's failure to disclose its calculation of damages and supporting evidence was neither substantially justified nor harmless.

As to justification, Alpha does not even argue that its failure to disclose was substantially justified except implicitly in its argument that "Southwestern fails to explain in its motion why it didn't simply do what Alpha's counsel did, and ask ACIC for a copy of the settlement agreement."  (ECF No. 174 at 6).  Yet, Southwestern carried no burden to investigate Alpha's claims of damage, especially considering that Alpha did not disclose the source of those damages.  Thus, Alpha's Rule 26 violation was not substantially justified.

As to harm, the Ninth Circuit has articulated several factors for courts to consider when determining whether a party's violation of Rule 26 is harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).  The burden is on the party facing exclusion of its evidence to prove the failure was harmless. *See Allstate Ins.*

*Co. v. Balle*, No. 2:10-cv-02205-APG-NJK, 2013 U.S. Dist. LEXIS 154244, at *15 (D. Nev. Oct. 28, 2013) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)).

Considering these factors, the court holds that Alpha's failure to properly disclose its damages was not harmless.

First, Southwestern and Northcon are prejudiced by Alpha's failure to disclose the evidence of its damages because they lost the opportunity to conduct discovery related to the evidence and to focus their investigation on the elements of damages that Alpha claims.  For example, Alpha's failure to disclose that the damages it seeks are entirely based on indemnification resulted in Southwestern's waste of resources preparing for claims that are not at issue at trial.

While Southwestern's motion focuses primarily on discovery issues, it also argues for exclusion under Federal Rule of Evidence 403.  (ECF No. 170 at 8).  Specifically, Southwestern argues that it is prejudiced by Alpha's failure to disclose because it faces uncertainly as to what alleged breach it is to defend itself against at trial, what actions it allegedly committed to cause the breach, and whether Alpha repaired any damages suffered from that breach.  (*Id.*).  Because Alpha never provided a calculation of damages, Southwestern has dedicated resources contemplating these issues instead of preparing for the indemnification issue Alpha now incorrectly claims was the only issue it ever alleged.

In arguing that indemnification is the only issue at trial, Alpha admits that it already handled its claims for inadequate work when it "docked" Southwestern $80,000.  (ECF No. 174 at 4).  Yet, this amount is not included in any calculation of damages or otherwise disclosed in any of Alpha's supplemental disclosures.  Southwestern correctly argues that "Alpha cannot claim Southwestern performed inadequate work worth $80,000 in damages, and that it is entitled to withhold that money, yet also claim that the only breach by Southwestern relates to the indemnity provision, so no disclosures regarding the inadequate/defective work are necessary." (ECF No. 175 at 3).  Indeed, Alpha's claim that it is entitled to $80,000 for inadequate work shows that its complaint does seek damages other than indemnification, and further shows the

James C. Mahan
U.S. District Judge

1  prejudice caused by its failure to properly disclose a calculation of damages and make available

2  the evidence supporting that calculation.

3       Next, Alpha lacks the ability to cure the prejudice without causing other harm.  Alpha

4  may provide a detailed calculation of damages today, but the present motion and joinder show

5  that Southwestern and Northcon have already dedicated resources to unraveling this mystery.  To

6  cure this prejudice, Alpha would need to supplement its disclosures with an adequate calculation

7  of damages and to make available the documents upon which that calculation is based.  Yet, an

8  order to that effect would implicate the next factor, risk of disruption of the trial.

9       An order requiring Alpha to supplement its disclosures would risk disruption of the trial

10  because Alpha would need time to properly calculate the damages[2] and Southwestern and

11  Northcon would need time to analyze Alpha's disclosures.  Even then, Southwestern and

12  Northcon would have little more than a month's notice to develop new trial strategies focusing

13  on the newly claimed sources of special damages instead of Alpha's previously claimed general

14  damages for breach of contract regarding inadequate work.  Alternatively, the court would have

15  to continue trial to a new date that may be several months past the current date which has already

16  been continued nine months.  (ECF Nos. 164, 169).

17       Finally, while bad faith is not apparent, Alpha's failure to disclose the evidence was

18  certainly willful.[3]  As previously discussed, Alpha supplemented its disclosure of damages from

19  "TBD" to specific amounts of $149,955.64 "against Southwestern, Inc. and Northcon, Inc.," and

20  $397,841.72 "against Northcon, Inc."  (ECF No. 170-4 at 11).  These amounts are based on some

21  source of information, whether the specific settlement agreement or something else.  Yet, instead

22  of disclosing its source, Alpha merely disclosed the amount of damages claimed without any

23  additional information.

24  _____

25       [2] While Alpha appears to have calculated the $149,955.64 based on the settlement
26  agreement, it fails to even mention the $397,841.72 alleged against Northcon, let alone provide a
   calculation for that amount.

27       [3] To the extent that any sanctions this court imposes amount to dismissal, the court finds
28  Alpha's discovery conduct to be willful.  *R&R Sales, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247
   (9th Cir. 2012) (holding that when preclusion sanctions amount to dismissal of a claim the
   district court must find willfulness, fault, or bad faith).

James C. Mahan
U.S. District Judge

1    Even now, rather than admitting mistake or claiming negligence, Alpha has chosen to

2    blame Southwestern for failing to independently seek out information as it was "obviously

3    important to Southwestern," and to downplay its own violation by claiming that the calculation

4    of damages "are naturally and logically dependent" on the amount of settlement.  (ECF No. 174

5    at 6).   Alpha's shifting of blame in spite of its duty to disclose evinces that its failure to

6    supplement was a willful decision and should be appropriately sanctioned.

7    Accordingly, the court holds that Alpha's failure to properly disclose its damages is

8    neither substantially justified nor harmless.  Therefore, the court determines what sanctions are

9    appropriate for Alpha's discovery violation.

10        C.   The appropriate sanction for Alpha's violations is exclusion of undisclosed and
             improperly disclosed evidence

11   "If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction,

12   'the degree and severity of which are within the discretion of the trial judge.'"  *Cohen v. Hansen*,

13   No. 2:12-CV-01401-JCM-PAL, 2014 WL 1873968, at *11 (D. Nev. May 8, 2014) (quoting

14   *Keener v. United States,* 181 F.R.D. 639, 641 (D. Mont. 1998)).  Typically, "Rule 37(c)(1) gives

15   teeth to [discovery] requirements by forbidding the use at trial of any information required to be

16   disclosed by Rule 26(a) that is not properly disclosed."  *Yeti by Molly*, 259 F.3d at 1106.

17        Nevertheless, the Ninth Circuit has identified five factors for the district court to consider

18   before imposing severe sanctions: "(1) the public's interest in expeditious resolution of litigation;

19   (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the

20   public policy favoring the disposition of cases on their merits; and (5) the availability of less

21   drastic sanctions."  *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (quoting *Malone v.

22   United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)) (discussing dismissal).

23        Here, the *Payne* factors support imposing the sanction that Southwestern and Northcon

24   seek—exclusion of all undisclosed and improperly disclosed evidence of Alpha's damages at

25   trial.

26        The public's interest in the expeditious resolution of litigation supports exclusion of

27   evidence.  As previously discussed, ordering Alpha to supplement its disclosures would likely

28   require the trial currently set for March to be continued several months.  Thus, this matter will be

**James C. Mahan**
**U.S. District Judge**

1    most expeditiously resolved by pushing forward with trial and excluding improperly disclosed

2    evidence.

3          The court's need to manage its docket also supports exclusion of evidence.  The court is

4    in the process of resuming trials, but the backlog of triable matters has grown extensively over

5    the past two years.  Allowing this matter to proceed to trial on time will conclude this matter and

6    allow for other parties properly litigating their matters to have their day in court.

7          The risk of prejudice to other parties also supports exclusion of evidence.  As previously

8    discussed, the parties have nearly reached trial while preparing for the breach of contract issue

9    that Alpha once claimed it would pursue.  Pushing back trial will result in further resources

10   allocated to trial prep focusing instead on indemnification and unjustly require Southwestern and

11   Northcon to spend more time without resolution to their defenses.  Thus, Southwestern and

12   Northcon would be prejudiced without their requested sanctions.

13         The availability of less drastic sanctions also supports exclusion of evidence.  As

14   discussed above, if the court orders Alpha to supplement its disclosures with a calculation of its

15   damages and to make available the evidence supporting that calculation, Southwestern and

16   Northcon would suffer undue delay and prejudice despite their complying with the Federal Rules

17   of Civil Procedure.  While the court could impose monetary sanctions onto Alpha to help

18   mitigate this prejudice, Southwestern and Northcon would still have to allocate resources to

19   compute their reasonable expenses instead of preparing for trial.  Thus, lesser sanctions would

20   not adequately reflect the seriousness of Alpha's failure to candidly engage in discovery.[4]

21         The public policy favoring the disposition of cases on their merits is neutral.  On the one

22   hand, exclusion of evidence would hamper Alpha's ability to prove damages.  Thus, exclusion

23   would likely cause this matter to turn upon whether Alpha can prove damages in any right rather

24   than whether Southwestern and Northcon are liable for those damages.  On the other hand, Alpha

25   would still have to prove its damages along with liability even if the evidence is not excluded.

26

27         [4] To the extent that any sanctions this court imposes amount to dismissal of a claim, the
     court has considered alternative sanctions.  *R&R Sales*, 673 F.3d at 1247 (holding that when
28   preclusion sanctions amount to dismissal of a claim the district court must consider the
     availability of lesser sanctions).

**James C. Mahan**
**U.S. District Judge**

- 10 -

1    Thus, while exclusion may require Alpha to prevail on technical evidentiary arguments to prove

2    damages, it does not prevent the disposition of this matter on the merits outright.[5]

3          In summary, Alpha's willful failure to disclose its calculation of damages and make

4    available the evidence supporting that calculation is deadly to its ability to offer that evidence at

5    trial.  To permit Alpha to offer undisclosed and improperly disclosed evidence when all factors

6    but public interest explicitly support exclusion is to green light this and similar severe discovery

7    violations at the detriment of parties that comply with the Federal Rules of Civil Procedure.  The

8    court will not do so here.

9          Accordingly, having considered the *Payne* factors, the court holds that the sanction most

10   appropriate to reflect Alpha's discovery violations is the sanction first contemplated by Rule 37,

11   the exclusion of any evidence of Alpha's damages that it failed to properly disclose and make

12   available to Southwestern and Northcon prior to the close of discovery.

13   **IV.    Conclusion**

14         Accordingly,

15         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Southwestern's motion

16   in limine (ECF No. 170) be, and the same hereby is, GRANTED.  Alpha is precluded from using

17   any undisclosed and improperly disclosed evidence at trial—including the settlement agreement.

18         IT IS FURTHER ORDERED that Alpha's motion to extend the time to respond to

19   Southwestern's motion (ECF No. 172) be, and the same hereby is, GRANTED nunc pro tunc.

20         DATED February 3, 2022.

21

22                                        UNITED STATES DISTRICT JUDGE

23

24

25

26

---

27         [5] To the contrary, exclusion of evidence merely imposes the burden on Alpha to prove its
     case with the same information it afforded Southwestern and Northcon during discovery.  Even
28   if Alpha fails to establish damages and the disposition of this matter is arguably not on the
     merits, the responsibility for that outcome lies entirely with Alpha.

James C. Mahan
U.S. District Judge                                  - 11 -