UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WELLS CARGO, INC., <br><br>Plaintiff(s),<br><br>v.<br><br>ALPHA ENERGY AND ELECTRIC, INC., et al.,<br><br>Defendant(s). | Case No. 2:18-CV-1182 JCM (EJY)<br><br>ORDER |

Presently before the court is third-party plaintiff Alpha Energy and Electric, Inc.'s ("Alpha") motion to clarify this court's order in limine. (ECF No. 190). Third-party defendant Northcon, Inc. ("Northcon"), third-party defendant Southwestern Construction, Inc. ("Southwestern"), and defendant American Contractor Indemnity Company ("ACIC") each filed responses (ECF Nos. 191; 193; 194), to which Alpha replied (ECF No. 197).

**I.    Background**

On February 3, 2022, this court granted Southwestern's motion in limine to impose discovery sanctions on Alpha to prevent it from using any undisclosed and improperly disclosed evidence to support its alleged damages at trial. (ECF No. 183). The facts of this matter are discussed at length in that order, so the court will not repeat them here. (*See id.*).

Alpha now moves for clarification as to whether that order precludes it from offering "evidence of the Wells Cargo judgment of $134,814.76 in support of [its] indemnity claim." (ECF No. 190 at 5). The "Wells Cargo judgment" Alpha refers to is this court's order granting summary judgment in favor of Wells Cargo filed on July 22, 2019. (ECF No. 89).

**James C. Mahan**
**U.S. District Judge**

Alpha argues that it properly disclosed the damages for its indemnity claim when it pleaded that it "is entitled to indemnification from [Southwestern and Northcon] in the full amount of any judgment against [Alpha] in favor of [] Wells Cargo" (ECF No. 6 ¶ 49), and later disclosed the bond claim amount—$134,814.76—that Wells Cargo sought against Alpha. (ECF No. 17-1 at 10). According to Alpha, this constitutes a proper disclosure of its indemnity damages. Yet, Alpha admits that it did not supplement its disclosures of those damages when Wells Cargo settled its claims against Alpha in 2019.

Alpha argues that it did not need to formally supplement its initial disclosures with a calculation of damages because "the theory of liability was clear from the start and the Wells Cargo judgment amount of $134,814.76 was already known by both parties." (ECF No. 190 at 4). This argument is nearly identical to Alpha's previous argument that it had no duty to disclose its indemnity damages because those damages were "naturally and logically dependent on the amount of ACIC's liability on the bond claim." (ECF No. 174 at 5). The court again rejects this plainly false argument.

When the court granted summary judgment in favor of Wells Cargo, it instructed Wells Cargo to "prepare and submit to the court a proposed judgment" consistent with the summary judgment order. (ECF No. 89). However, Wells Cargo settled its claims against Alpha and voluntarily dismissed its complaint before any judgment was entered. (ECF Nos. 91; 94).

After the settlement, Alpha did not supplement its disclosures to allege $134,814.76 in damages. Instead, it sought the total amount of the settlement—$149,955.64—without disclosing its source for those damages.[1] Yet, as neither Southwestern nor Northcon were parties to that settlement, the "judgment" amount was not "already known to the parties" as Alpha contends. (ECF No. 190 at 4).

Therefore, contrary to Alpha's contention, the court's order granting summary judgment does not provide the "full amount of any judgment against [Alpha] in favor of [] Wells Cargo"

---

[1] Though Alpha now tacitly attempts to save the bulk of its alleged indemnity damages by eliminating the interest and costs, Alpha fails to show that it properly disclosed even this lesser amount.

**James C. Mahan**
**U.S. District Judge**

- 2 -

that Alpha originally sought in its pleadings and cannot serve as evidence of Alpha's alleged indemnity damages.

As the court previously held, "Alpha is precluded from using any undisclosed and improperly disclosed evidence at trial—including the settlement agreement." (ECF No. 183 at 11). To clarify, Alpha is also precluded from supporting its alleged damages with a judgment that does not exist.

DATED April 18, 2022.

_____
UNITED STATES DISTRICT JUDGE