UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of WELLS CARGO, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> ALPHA ENERGY AND ELECTRIC, INC. et al., <br><br> Defendant(s). | Case No. 2:18-CV-1182 JCM (EJY) <br><br> ORDER |

Presently before the court is third-party defendant Southwestern Construction ("Southwestern")'s motion for summary judgment. (ECF No. 206). Third-party plaintiff Alpha Energy and Electric ("Alpha"), and the case's original defendant American Contractors Indemnity Company ("ACIC") each filed a response (ECF Nos. 215; 218), to which Southwestern replied (ECF No. 227).

Third-party defendant Northcon, Inc. ("Northcon") filed a notice of non-opposition and purports to join Southwestern's motion. (ECF No. 221). Alpha filed a response opposing that purported joinder. (ECF No. 226).

**I.  Background**

This matter arises from construction contracts between contractor Alpha, subcontractor Southwestern, and project manager Northcon for a project at the Nellis Air Force Base in Nevada. On June 28, 2018, plaintiff Wells Cargo, Inc. ("Wells Cargo"), filed the original claim in this matter against Alpha and against Alpha's surety, ACIC.

On August 6, 2018, Alpha filed its third-party complaint against Southwestern and Northcon. (ECF No. 6). Alpha alleges that the subcontract between Alpha and Southwestern

**James C. Mahan**
**U.S. District Judge**

contains an indemnity provision wherein Southwestern indemnified Alpha for any damage arising out of supplier claims. (*Id.* at 9). Alpha further alleges that the project management contract between Alpha and Northcon required Northcon to manage, handle, review, and track all payments for subcontractors working on the project. (*Id.* at 8).

According to Alpha, Southwestern breached its contract with Alpha by failing to pay one of its suppliers, Wells Cargo, during the Nellis project. (*Id.* at 9). Alpha also alleges that Northcon breached its contract by failing to properly manage payment requests and applications under the Nellis project. (*Id.* at 8). Further, Alpha alleges that it is entitled to indemnification from both Southwestern and Northcon for any judgment against Alpha in favor of Wells Cargo in the underlying litigation. (*Id.* at 11).

On July 22, 2019, the court granted Wells Cargo's motion for summary judgment against Alpha in the amount of $134,814.76. (ECF No. 89). On August 19, 2019, ACIC and Wells Cargo entered into a settlement agreement and agreed to a complete settlement. (ECF No. 91). According to Alpha, the settlement amount is $149,955.64. (*See* ECF No. 174 at 3). On September 11, 2019, the parties stipulated to dismiss Wells Cargo as a party. (ECF No. 93).

Alpha made its initial disclosures to Southwestern and Northcon for its third-party action on October 10, 2018. (ECF No. 170-1). Where Alpha was required to disclose its calculation of damages, it provided an empty table listing "TBD" under the amount of damages. (*Id.* at 11). On February 13, 2019, Alpha supplemented its initial disclosures, but again provided "TBD" for the amount of damages. (ECF No. 170-2 at 12).

On December 12, 2019, Alpha again supplemented its disclosures, this time alleging $149,955.64 in special damages "[a]gainst Southwestern Construction, Inc. and Northcon, Inc.," as well as $397.841.72 in special damages "[a]gainst Northcon, Inc." (ECF No. 170-4 at 11). Alpha provided no calculation for these damages, and according to Southwestern, did not make available any documents or other evidence upon which those damages were based. When discovery closed on February 11, 2020, Alpha had still not provided a calculation of damages or any evidence supporting its damages.

Granting a motion by Southwestern and Northcon, the court then imposed discovery sanctions precluding Alpha "from using any undisclosed and improperly disclosed evidence at trial" to support a calculation of damages. (ECF Nos. 183; 201). Functionally, this order prevents Alpha from disclosing evidence of any actual damages.

Southwestern now moves for summary judgment on all of Alpha's claims against it, arguing that since Alpha is precluded from offering evidence of damages, it cannot prevail on any of its contractual claims. (ECF No. 206). Alpha contends that the availability of nominal damages means Southwestern is not entitled to judgment as a matter of law. (ECF No. 215).

## II.   Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed

**James C. Mahan**
**U.S. District Judge**

to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to

**James C. Mahan**
**U.S. District Judge**

- 4 -

produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

### III. Discussion

The parties do not dispute any of Southwestern's stated facts. (ECF No. 215 at 2). They dispute only that Southwestern is entitled to judgment as a matter of law. (*Id.*) Southwestern contends that Alpha's lack of damages evidence entitles it to summary judgment on all claims. (ECF No. 206 at 4). However, Alpha argues that because it can assert a theory of nominal damages, Southwestern is not entitled to judgment, and this case should proceed to trial. (ECF No. 215 at 2).

The Nevada Supreme Court has endorsed nominal damages as viable recovery for breach of contract claims. *Gramanz v. T-Shirts & Souvenirs, Inc.,* 894 P.2d 342, 343 (Nev. 1995).

Alpha cites to two federal district court cases holding that a claim may survive summary judgment where a party has been limited to nominal damages but has not previously disclosed that theory of damages. *See SiteLock LLC v. GoDaddy.com LLC*, 562 F.Supp.3d 283, 298 (D. Ariz. 2022); *GeoMetWatch Corp. v. Hall*, No. 1:14-cv-00060-JNP, 2018 WL 6240991, at *16 (D. Utah Nov. 27, 2018). Both of these cases were claims for trademark infringement under the Lanham Act. Trademark infringement does not require damages as an element of the claim. *SiteLock*, 562 F.Supp.3d at 296–297. A breach of contract action, on the other hand, *does* require damages as an element of the claim. *See Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001). As this court reads the case law, the courts in *SiteLock* and *GeoMetWatch* refused to grant summary judgment where only nominal damages were still available as a *remedy*.

Here, damages are a *requisite element* of a successful claim under the cause of action that nominal damages alone cannot satisfy. Interpreting California law, which statutorily enshrines nominal damages at Cal. Civ. Code § 3360, the Ninth Circuit has previously determined that there must be "a showing of appreciable and actual" damage for a breach of contract claim to be actionable. *See Aguilera v. Pirelli Armstrong Tire Co.*, 223 F.3d 1010, 1015 (9th Cir. 2000). This court is likewise persuaded.

James C. Mahan
U.S. District Judge

- 5 -

While Nevada may recognize nominal damages, in the more than 1,500 days that this litigation has been pending, Alpha has not once mentioned a claim for nominal damages. It may not now do so to circumvent the discovery sanctions this court already imposed. *See Funk v. Belneftekheim*, No. 14-CV-376 (BMC), 2020 WL 7942868, at *6 (E.D.N.Y.). It has not disclosed nominal damages as a category of damages, and it has provided no authority indicating that such a failure is excusable where damages are fundamental element of the claim. Summary judgment for Southwestern is therefore appropriate.

Northcon purports to join Southwestern's motion for summary judgment. *See* (ECF No. 221). Alpha argues that the joinder is procedurally improper under Federal Rule Civil Procedure 56(c) and Local Rule 56-1. (ECF No. 226). That position does not persuade the court. A simple "me too" joinder does nothing to prejudice Alpha. It offers no new arguments or evidence that Alpha could not consider or respond to. It simply states, correctly, that any judgment rendered on Southwestern's motion should apply equally to Northcon given the posture of the case. Another district court in the Ninth Circuit has found that a similar joinder motion was appropriate. *See Star Ins. Co. v. Iron Horse Tools, Inc.*, No. CV 16-48-BLG-SPW-TJC, 2018 WL 3079493, at *5 (D. Mont. Feb. 7, 2018).

Here, as Alpha concedes, there are no questions of fact. (ECF No. 215 at 2). The only contested issue is whether, as a matter of law, Alpha's claims survive its inability to provide any evidence of damages. (*Id.*) The court has determined that the claims do not survive. Northcon's joinder, which requests summary judgment relief for itself, is an appropriate vehicle to bring that discrete legal question before the court. The court finds Northcon's joinder appropriate and grants Northcon summary judgment as well.

Finally, ACIC contends that it is improper for the court to grant summary judgment against Alpha because of ACIC's relationship to Alpha as a surety. (ECF No. 218). Southwestern and Northcon do not seek summary judgment against ACIC; they seek summary judgment against Alpha. (ECF Nos. 206; 221). ACIC provides an inapposite Nevada Supreme Court case in support of its position but provides no authority arising under the federal cause of action at issue here, the Miller Act. *See* (ECF No. 218).

**James C. Mahan**
**U.S. District Judge**

Southwestern moved for summary judgment on Alpha's claims against it. (ECF No. 206). Alpha's claims require proof of damages. *See Calloway*, 993 P.2d at 1263. Due to Alpha's previous conduct in this litigation, this court imposed a discovery sanction that has precluded it from offering evidence of those damages. (ECF Nos. 183; 201). Therefore, there is no way for Alpha to prevail on its claims against Southwestern and Northcon. Put another way: "there is no genuine dispute as to any material fact and the movan[s] [are] entitled to judgment as a matter of law" on all claims Alpha has asserted against them because Alpha cannot prove its damages. FED. R. CIV. P. 56(a).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Southwestern's motion for summary judgment (ECF No. 206) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Northcon's motion in limine regarding Alpha's documentary evidence (ECF No. 203) be, and the same hereby is, DENIED, as moot.

The clerk is instructed to enter judgment in favor of Southwestern and Northcon on all claims brought against them by Alpha.

DATED October 7, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**