UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of WELLS CARGO, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> ALPHA ENERGY AND ELECTRIC, INC. et al., <br><br> Defendant(s). | Case No. 2:18-CV-1182 JCM (EJY) <br><br> ORDER |

Presently before the court is third-party defendant Northcon Inc. ("Northcon")'s motion *in limine* seeking to preclude evidence of Ellard Comstock ("Comstock")'s authority. (ECF No. 206). Third-party plaintiff Alpha Energy and Electric ("Alpha"), and the case's original defendant American Contractors Indemnity Company ("ACIC") each filed a response (ECF Nos. 207; 208), to which Northcon replied without leave of this court (ECF No. 220).[1]

Also before the court is Alpha's motion *in limine* seeking to excludes Northcon's damages evidence (ECF No. 205). ACIC filed a notice of non-opposition (ECF No. 210), and Northcon filed a response (ECF No. 211). Alpha then filed a motion seeking leave to file a reply brief. (ECF No. 219), to which Northcon filed a notice of non-opposition (ECF No. 223).[2]

. . .

---

[1] Pursuant to Local Rule 16-3 replies to a motion in limine will be allowed only with leave of court. Northcon has not moved for leave to file a reply brief. Northcon's reply brief (ECF No. 220) is therefore STRICKEN and the court will not consider the arguments contained within.

[2] With good cause appearing, Alpha's motion to file a reply brief is GRANTED.

**James C. Mahan**
**U.S. District Judge**

**I.    Background**

This matter arises from construction contracts between contractor Alpha, subcontractor Southwestern Construction Inc. ("Southwestern"), and project manager Northcon for a project at the Nellis Air Force Base in Nevada. On June 28, 2018, plaintiff Wells Cargo, Inc. ("Wells Cargo"), filed the original claim in this matter against Alpha and against Alpha's surety, ACIC.

On August 6, 2018, Alpha filed its third-party complaint against Southwestern and Northcon. (ECF No. 6). Alpha alleges that the subcontract between Alpha and Southwestern contains an indemnity provision wherein Southwestern indemnified Alpha for any damage arising out of supplier claims. (*Id.* at 9). Alpha further alleges that the project management contract between Alpha and Northcon required Northcon to manage, handle, review, and track all payments for subcontractors working on the project. (*Id.* at 8).

According to Alpha, Southwestern breached its contract with Alpha by failing to pay one of its suppliers, Wells Cargo, during the Nellis project. (*Id.* at 9). Alpha also alleges that Northcon breached its contract by failing to properly manage payment requests and applications for the Nellis project. (*Id.* at 8). Further, Alpha alleges that it is entitled to indemnification from both Southwestern and Northcon for any judgment against Alpha in favor of Wells Cargo in the underlying litigation. (*Id.* at 11).

On July 22, 2019, the court granted Wells Cargo's motion for summary judgment against Alpha in the amount of $134,814.76. (ECF No. 89). On August 19, 2019, ACIC and Wells Cargo entered into a settlement agreement and agreed to a complete settlement. (ECF No. 91). According to Alpha, the settlement amount is $149,955.64. (*See* ECF No. 174 at 3). On September 11, 2019, the parties stipulated to dismiss Wells Cargo as a party. (ECF No. 93).

Alpha made its initial disclosures to Southwestern and Northcon for its third-party action on October 10, 2018. (ECF No. 170-1). Where Alpha was required to disclose its calculation of damages, it provided an empty table listing "TBD" under the amount of damages. (*Id.* at 11). On February 13, 2019, Alpha supplemented its initial disclosures, but again provided "TBD" for the amount of damages. (ECF No. 170-2 at 12).

James C. Mahan
U.S. District Judge

On December 12, 2019, Alpha again supplemented its disclosures, this time alleging $149,955.64 in special damages "[a]gainst Southwestern Construction, Inc. and Northcon, Inc.," as well as $397.841.72 in special damages "[a]gainst Northcon, Inc." (ECF No. 170-4 at 11). Alpha provided no calculation for these damages, and according to Southwestern, did not make available any documents or other evidence upon which those damages were based. When discovery closed on February 11, 2020, Alpha had still not provided a calculation of damages or any evidence supporting its damages.

Northcon, on the other hand, made its initial disclosures to Alpha on October 5, 2018. (ECF No. 205-1). It claimed to be owed at least the "contract balance" of $690,428.91. (*Id.* at 11). It also answered interrogatories with detailed accounting of its damages. (ECF No. 205-4).

Granting a motion by Southwestern and Northcon, the court then imposed discovery sanctions precluding Alpha "from using any undisclosed and improperly disclosed evidence at trial" to support a calculation of damages. (ECF Nos. 183; 201). Functionally, this order prevents Alpha from disclosing evidence of any actual damages. In advance of trial, Alpha and Northcon then filed the instant motions *in limine* amongst other motions the court has already resolved. (ECF Nos. 202; 205).

**II.     Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991).

**James C. Mahan**
**U.S. District Judge**

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "*[I]n limine* [sic] rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### III.   Discussion

Northcon's motion *in limine* seeks a holding that precludes Alpha and ACIC from disputing that Comstock, as project manager, had total authority as an agent to bind Alpha. (ECF No. 202).

Comstock's grant of authority includes an explicit disclaimer that purports to subject decisions he makes to the approval of at least two other parties. *See* (ECF No. 204-1). This, on its face, is enough to create a genuine dispute over the scope of his agency. *See Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 331 P.3d 850, 856 (Nev. 2014). While it may be that Northcon's argument as to the scope of Comstock's agency is correct, the court is not inclined to make that decision in ruling on a motion *in limine* when the evidence presents a viable dispute of fact. *Id.* Northcon's motion *in limine* is therefore DENIED.

Also before the court is Alpha's motion *in limine* seeking to prevent Northcon from offering evidence of its damages. (ECF No. 205). According to Alpha, Northcon has never properly disclosed its damages figure and the court should therefore impose a discovery sanction preventing it from doing so. (*Id.*) This court previously granted a similar motion *in limine*

**James C. Mahan**
**U.S. District Judge**

- 4 -

against Alpha and imposed the same sanction on it that Alpha now seeks against Northcon. *See* (ECF Nos. 183; 190). However, contrary to Alpha's claims, Northcon's disclosures meet Rule 26's requirements. Alpha's motion *in limine* is thus DENIED.

Northcon's counterclaims and initial disclosure rely on a figure of $690,428.91. (ECF Nos. 15; 205-1 at 10). Northcon indicates that it arrived at this figure as the contract balance due and owning "for materials and services." (ECF No. 15). This is all that is required under Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Northcon provides its damages figure ($690,428,91) and the method of calculation upon which that figure is based (the contract balance). *See Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-00369-JCM, 2011 WL 2977127 (D. Nev. July 21, 2011). It is the very nature of a breach of contract dispute that the parties will disagree on precisely what the contract balance is, or whether one exists at all. The court will not exclude damages evidence simply because the parties disagree as to the amount.

Northcon has repeatedly asserted that it is owed for the costs of the work it performed under the contract, or, alternatively, to be reimbursed for work it performed under quasi-contractual quantum meruit. *See* (ECF Nos. 15; 211-2; 211-4). Indeed, unlike Alpha's damages disclosures that make no reference to any sort of mathematical basis, *see* (ECF No. 183), Northcon's initial disclosures are quite clear about what Northcon seeks, even if they could be more detailed as to the precise evidence that makes up the total figure. *See* (ECF No. 211-2).

Northcon points to several instances where it provided calculations of payments it received and other documents supporting its damages calculation. *See, e.g.*, (ECF No. 211 at 9) (listing examples of disclosure). It may be that Northcon is not entitled to the damages it claims, but that is the purpose of trial. Northcon has not hidden the proverbial ball in its damages claims; it seeks payment under the contract or reimbursement for work done under quasi-contract.[3]

---

[3] Alpha makes much of the fact that Northcon does not differentiate its measure of damages between the two theories. Northcon is under no obligation to do so when it claims the same measure of damages under either theory. Indeed, the case Alpha cites for this proposition goes on to say that "the contract price may accurately capture the reasonable value of services rendered," just as Northcon claims it does here. *Las Vegas Sands Corp. v. Suen*, 132 Nev. 998, 2016 WL 4076421. At *5 (Nev. July 22, 2016).

**James C. Mahan**
**U.S. District Judge**

Likewise, the fact that Northcon reserved its rights to prove additional damages with disclaimer language in its counterclaims does not create a moving target—it recognizes the reality that any damages figure is subject to the court's eventual factfinding. Rule 26 does not require that a party prove its damages with certainty; it requires the party to set out the basis and computation for the damages it seeks, which is exactly what Northcon has done here. *See R&R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Rule 26 is to be applied with an eye toward common sense. *Sender v. Mann*, 225 F.R.D. 645, 650 (D.Colo. 2003). This is not a case where a party has utterly failed to disclose the basis for its damages, as Alpha has previously. Northcon properly disclosed its damages under Rule 26; therefore Alpha's motion *in limine* is DENIED.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Northcon's motion *in limine* (ECF No. 202) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Alpha's motion to file a reply brief (ECF No. 219) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Alpha's motion *in limine* (ECF No. 205) be, and the same hereby is, DENIED.

DATED October 12, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**