UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WELLS CARGO, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> ALPHA ENERGY AND ELECTRIC, INC., et al., <br><br> Defendant(s). | Case No. 2:18-CV-1182 JCM (EJY) <br><br> ORDER |

Presently before the court is defendant Alpha Energy and Electric, Inc.'s ("Alpha") motion for attorneys' fees. (ECF No. 266). Northcon, Inc. ("Northcon") and Southwestern Construction Inc. ("Southwestern") each filed a response (ECF Nos. 271; 279), to which Alpha replied (ECF No. 282).

Also before the court is defendant American Contractors Indemnity Company's ("ACIC") motion for attorneys' fees. (ECF No. 268). Northcon and Southwestern each filed a response (ECF Nos. 271; 279), to which ACIC replied (ECF No. 281).

Also before the court is Northcon's motion for reconsideration of this court's findings of fact and conclusions of law (ECF No. 267). Alpha and ACIC each filed a response (ECF Nos. 273; 274), to which Northcon replied (ECF Nos. 280).[1]

---

[1] During the pendency of this motion to reconsider, this court entered its judgment pursuant to the post-trial findings of fact and conclusions of law. (ECF No. 269). Subsequently, to preserve its arguments Northcon filed a "renewed" motion to reconsider the judgment (ECF No. 283) that incorporated its previous filings. Alpha and ACIC each filed responses (ECF Nos. 284; 285), to which Northcon replied (ECF No. 286).

**James C. Mahan**
**U.S. District Judge**

Also before the court is Southwestern's objection to the form of judgment. (ECF No. 270). ACIC filed a response (ECF No. 276), which Alpha joined. (ECF No. 277). Southwestern did not file a reply.

**I.     Background**

Because the court has extensively detailed the facts of this matter in its findings of fact and conclusions of law, it highlights here only the facts and procedural history relevant to the instant motions. The court held a two-day bench trial in this matter beginning on October 31, 2022. The underlying dispute arose out of a construction contract for a campground on Nellis Air Force Base (the "Famcamp project"). (*See* ECF No. 264). In August 2016, Alpha and Northcon executed a "Teaming Agreement" to bid on the Famcamp project, and the government awarded the contract to Alpha that same month. (*Id.*) In April 2017, Northcon set forth a proposed subcontracting agreement for the Famcamp project which neither it nor Alpha signed, but the parties agree served as the operative agreement between them. (*Id.*)

As the work on the project progressed, disputes arose over Northcon performing unauthorized work beyond the scope of its contract. (*Id.*) Near the end of 2017, Alpha discontinued payment to Northcon. (*Id.*) Southwestern, another subcontractor, experienced the same conduct and alleges that it was directed to perform additional work and was not paid. (*Id.*)

Wells Cargo, a sub-sub-contractor hired by Southwestern, commenced this suit claiming it was never paid by Southwestern, who itself was never paid by Alpha. (*See* ECF No. 1). Northcon, Southwestern, Alpha, and ACIC all brought compulsory counterclaims. (*See* ECF Nos. 6, 15, 27). At trial, Northcon acting as the sole remaining plaintiff, asserted both its counterclaims and Southwestern's claims by assignment against Alpha and ACIC.

Following a two-day bench trial beginning on October 31, 2022, this court entered its judgment on November 18, 2022, and ruled in favor of Alpha and ACIC on all remaining claims. (ECF No. 269). In its judgment, the court held that "Alpha and ACIC are the prevailing parties in this case and should be awarded their attorneys' fees/expenses in an amount to be determined upon motions as directed in the Court's Order." (*Id.*)

James C. Mahan
U.S. District Judge

- 2 -

Northcon now moves for this court to reconsider both its findings of facts and conclusions of law and the judgment entered into on November 21, 2022 (ECF Nos. 267; 283), Southwestern objects to the form of the judgment (ECF No. 270), and Alpha and ACIC both move for attorneys' fees. (ECF Nos. 266; 268).

## II. Legal Standards

### A. Motion for Reconsideration

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

### B. Motion for Attorneys' Fees

Under the "American rule," litigants generally must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197

James C. Mahan
U.S. District Judge

- 3 -

1  F.3d 1276, 1280–81 (9th Cir. 1999).  Nonetheless, the decision to award attorneys' fees is left to
2  the sound discretion of the district court.  *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d
3  69, 73 (Nev. 1994).

4  "In an action involving state law claims, we apply the law of the forum state to determine
5  whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or
6  procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*,
7  421 U.S. at 259 n.31.  Under Nevada law, attorneys' fees are available only when "authorized by
8  rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. REV. Stat. § 18.010.

9  Although state law governs whether a party is entitled to attorneys' fees, federal law
10  dictates the procedure for requesting attorneys' fees.  *Carnes v. Zamani*, 488 F.3d 1057, 1059
11  (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule
12  54(d)(2) creates a procedure to request attorneys' fees, not a right to recover attorneys' fees).
13  Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

14  **III. Discussion**

15  The court has sufficient information to decide the instant motion based on the filings and
16  thus denies all parties' requests for oral argument.  LR 78-1.

17  a. Objection to Form of Judgment

18  Southwestern objects to the proposed judgment filed by Alpha.  (ECF No. 270).  It
19  contends that (1) Alpha did not serve the proposed judgment on Southwestern for its approval as
20  to form, required by Local Rule 7-2(f), and (2) the proposed judgment's prevailing party analysis
21  does not take into account Southwestern's success on its motion in limine to exclude Alpha's
22  damages, nor the order granting Southwestern's summary judgment against Alpha's claims.
23  (*Id.*)

24      1. *Local Rule 7-2(f)*

25  Southwestern fails to point to any authority that requires ACIC and Alpha to serve the
26  proposed judgment on it.  Further, ACIC correctly points out that LR 7-2(f) specifically refers to
27  proposed orders on *motions*.  (ECF No. 276 at 2).  This court simply ordered Alpha to *prepare*
28  and *file* the proposed judgment.  (ECF No. 264 at 19).  Even if Alpha were required to serve the

James C. Mahan
U.S. District Judge

- 4 -

proposed judgment on the opposing parties, Southwestern is no longer a party to the litigation; its claims were assigned to Northcon. Therefore, Southwestern has failed to properly raise a valid objection as to the form of the judgment.

### 2. *Prevailing Party Analysis*

Southwestern further objects to the judgment's prevailing party analysis. (ECF No. 270). Rather than addressing whether the judgment accurately reflects the findings of this court, Southwestern merely objects to the substance of the judgment. *Id.* Southwestern attempts to disguise an objection to the substance of the judgment (which would be better suited as a motion to reconsider, as Northcon properly moved for) as an objection to the form of the judgment. Southwestern's one-sentence objection on this ground provides no authority to support its position. Therefore, Southwestern has failed to raise a valid objection as to the form of the judgment, and the court DENIES its claim.

### b. Motions for Reconsideration

Northcon moves for this court to reconsider: (1) this court's finding that Alpha and ACIC are entitled to attorneys' fees and costs (ECF No. 267), and (2) this court's judgment holding the same (ECF No. 269). *See* (ECF No. 283). For the reasons set forth below, Northcon's motions for reconsideration are GRANTED as they relate to ACIC and DENIED as they relate to Alpha.

Northcon contends that Alpha and ACIC are not prevailing parties because no party in this suit received the full benefit of its asserted claims. (ECF No. 267 at 2). Northcon further posits that ACIC is not entitled to attorneys' fees because it is not a party to the subcontracts allocating attorneys' fees, and the Miller Act does not provide for attorneys' fees to a prevailing surety as a matter of law. (*Id.* at 10). Alpha contends that it and ACIC "succeeded in achieving a judicially sanctioned, material alteration of their legal relationship with Northcon." (ECF No. 273 at 5). ACIC argues that the only determinative factor is whether it succeeded on any significant issue, which it avers that it did. (ECF No. 274 at 7). The court will address each party in turn.

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

*1. Alpha*

Northcon argues that because Alpha was not a prevailing party, it is not entitled to an award of attorneys' fees. (ECF No. 267 at 2). Northcon has not met its burden to show that the court's findings of facts and conclusions of law should be reconsidered. *See ACandS, Inc.*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b). Northcon presents no new evidence, nor has there been an intervening change in controlling law. Thus, there must have been clear error or some manifest injustice in the original decision. *See AcandS, Inc.*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b). The court finds none.

This court held in both its findings of fact and conclusions of law and its judgment that Alpha and ACIC are prevailing parties. *See* (ECF Nos. 264; 269). Under Nev. Rev. Stat. 18.010, a prevailing party, for purposes of attorneys' fees, is one that "succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit." *Valley Elec. Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005) (citation omitted). The Nevada Supreme Court has also held that the term prevailing party should be broadly construed to include plaintiffs, counterclaimants, and defendants. *Id.*

Here, Alpha and ACIC succeeded on a significant issue in litigation against the counterclaimant Northcon. The only issues remaining at trial were Northcon's compulsory counterclaims and the claims assigned to it by Southwestern. (ECF No. 237). Alpha and ACIC were merely defending against those claims, but as Nevada law states, defendants can be considered a prevailing party. *See Valley Elec. Ass'n,* 106 P.3d at 1200. The court agrees with Alpha that it and ACIC not only substantially defeated Northcon's claims, but they "completely and thoroughly defeated those claims." (ECF No. 273 at 6).

Thus, because Northcon has failed to meet its burden to show that this determination should be reconsidered, its motions are DENIED as they pertain to Alpha.

*2. ACIC*

Northcon also argues that ACIC is not a prevailing party. Further, Northcon argues that even if ACIC is a prevailing party, it is not a party to the subcontracts between Alpha and Northcon allowing attorneys' fees, and the Miller Act does not provide for attorneys' fees to a

James C. Mahan
U.S. District Judge

- 6 -

1  prevailing surety as a matter of law. (ECF No. 267 at 10). The court has already determined that both Alpha and ACIC are prevailing parties, so it need not address that argument again.

As to Northcon's second argument, the court finds that it has committed a clear error and therefore will reconsider its award of attorneys' fees to ACIC. *See ACandS, Inc.*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b). Northcon correctly points out that the Miller Act does not provide for attorneys' fees as a matter of law. *See F. D. Rich Co., Inc. v. U.S. ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 126 (1974); 40 U.S.C. §§ 3131, 3133. Further, ACIC does not point to any other rule, statute, or contract that make an award of attorneys' fees available. *See Flaming Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

Upon reconsideration, ACIC's argument that the subcontract awards it attorneys' fees is unavailing. ACIC argues that nothing in the Northcon subcontract prevents it from recovering attorneys' fees and costs. (ECF No. 274 at 7). But whether the subcontract *prevents* attorneys' fees is not relevant; it must affirmatively provide that ACIC may recover them.

ACIC essentially argues that it should be considered a "party" under the contract between Northcon and Alpha. (*Id.*) Previously, the court conflated Alpha and ACIC as parties to this contract. Upon review, that was clear error.

The contract identifies two parties: Alpha as the prime contractor and Northcon as the subcontractor. (Tr. Ex. 20 at 1). It does not identify ACIC as a party. While the law allows a surety to recover attorneys' fees when a subcontract specifically allows for it, *see, e.g., U.S. v. Turner Construction Co.*, 676 Fed. App'x 941, 943 (11th Cir. 2017), nothing in this subcontract even contemplates ACIC as a party, much less provides it an avenue to recover costs and fees. The relevant subsection allocating attorneys' fees refers specifically to "the parties," which the contract defines in the recitals as Northcon and Alpha. (Tr. Ex. 20 at 1, 12).

The court erred in finding that ACIC was entitled to fees under a subcontract it was not a party to, and it now reconsiders its decision on that ground. ACIC is unable to identify any alternative that would allow for an award of attorneys' fees. Thus, the motions to reconsider are GRANTED insofar as they pertain to ACIC's entitlement to attorneys' fees.

. . .

**James C. Mahan**
**U.S. District Judge**

<u>c.</u> Motion for Attorneys' Fees

Alpha and ACIC move this court for attorneys' fees and costs. (ECF Nos. 266; 268). Both Northcon and Southwestern oppose the motions. (ECF Nos. 271; 278; 279). Because the court granted Northcon's motion for reconsideration as it relates to attorneys' fees for ACIC, the court will address only Alpha's motion. Further, because Southwestern's claims have been assigned to Northcon (ECF No. 237), any attorneys' fees related to its claims would be borne by the assignee, Northcon. Thus, Southwestern's response was unnecessary.

Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010. In its findings of fact and conclusions of law, this court held that, "Alpha's subcontracts with Northcon and Southwestern allow a prevailing party to recover reasonable attorneys' fees. (See Tr. Ex. 20 at 12, § 28.7; Tr. Ex. 17 at 5, § 13)." (ECF 264 at 19). Here, attorneys' fees are available by way of contract.

Northcon opposes Alpha's motion for attorneys' fees. (ECF No. 271). Northcon argues that the amount Alpha moves to recover is unreasonable, unsubstantiated, and properly reduced entirely or substantially. (*Id.*) Specifically, it contends that any award should be limited to fees and costs accrued in defending Northcon and Southwestern's claims, as opposed to other issues that comprised this procedurally complex case. (*Id.*)

Federal law dictates the procedure for requesting attorneys' fees. *Zamani*, 488 F.3d at 1059; *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorneys' fees, not a right to recover attorneys' fees). "When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6)

> whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation. *Ryan*, 786 F.3d at 763.

The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). As a general rule, the court considers the reasonable hourly rate in the relevant community, which is the forum in which the case is pending. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The court may consider rates outside the forum "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, the relevant community is Las Vegas, Nevada. For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400. *See, e.g., Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (finding a $250 hourly rate reasonably within the context of a § 1988 inquiry); *Gibbs v. Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012 WL 5497901, at *3 (D. Nev. Nov. 13,

2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas). For the Las Vegas market, the courts in this district have held that a senior paralegal's hourly rate, working on complex matters such as a copyright infringement case, range from $75-125.

An attorney's fees award may include paralegal fees. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989); *see also Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710, at *3 (D. Nev. Oct. 30, 2013) (awarding fees for paralegal work). For the Las Vegas market, paralegals are typically paid between $75 to $125 per hour. *See Watson v. NCO Fin. Sys., Inc.*, 2015 WL 1959163, at *2 (D. Nev. Apr. 29, 2015) (finding a $125 hourly rate to be reasonable); *Tallman v. CPS Sec. (USA), Inc.*, 23 F.Supp.3d 1249, 1260 (D. Nev. 2014) (finding a $90 hourly rate to be reasonable); *Agarwal*, 2013 WL 5882710, at *2 (finding a $75 hourly rate to be reasonable); *Plaza Bank v. Alan Green Family Trust*, 2013 WL 1759580, at *2 (D. Nev. Apr. 24, 2013) (finding a $100 hourly rate to be reasonable).

Here, Alpha requests an award for attorneys' fees and costs equal to $192,995.57.[2] (ECF No. 282 at 2). The Medrala Law Firm, PLLC, represented Alpha from April 2019–April 2020, spending 178.4 hours amongst the attorneys and paralegals working on the case, billing a total of $48,834.00 in fees. (ECF No. 266 at 5-6). The firm's total costs equaled $10,876.23. Alpha's (current) lead counsel, Krigel & Krigel, P.C. took over representation in April 2020, and has since spent 379.15 hours amongst its attorneys and paralegals, billing a total of $111,314.00 in fees. (*Id.* at 6). The firm's total costs equaled $25,220.95. However, in its reply (ECF No. 282), Alpha notes that it performed additional work and has incurred additional fees from November 17, 2022, up until the time this motion (ECF No. 266) was filed. (*Id.* at 2). This brings Krigel & Krigel's total fees to $119,654.00 and its costs to $13,631.34. (*Id.*) The rates charged amongst all firms in this case ranged from $225 to $375 per hour for associates and partners/shareholders, and $75 to $150 per hour for paralegals. (*See* ECF No. 266).

The rates charged by all firms representing Alpha in this litigation are within the lodestar rate in the community. The time and labor required for the complexity of the contract issues in

---

[2] In its reply, Alpha withdraws its request for $39,639.88 related to the Dobberstein Law Group's work on this case. (ECF No. 282 at 2).

**James C. Mahan**
**U.S. District Judge**

- 10 -

this case, the quality of the advocates, addressing opposing litigation strategies, the nature of defendants' relationship with counsel, and the result obtained support the award of fees in full. The paralegal fees are also within the typical range charged in the Las Vegas market; in this case ranging from $75 to $105 per hour.

Northcon alternatively argues that any award of fees and costs should be reduced to exclude all attorney fees and costs incurred on or before October 7, 2022—the date this court granted summary judgment in favor of Southwestern and Northcon on Alpha's claims against them. (ECF No. 271 at 5). Alpha argues that, where multiple claims are asserted, the court need not apportion an award of costs if the claims are so inextricably intertwined that apportionment is meaningless. (ECF No. 282 at 8) (citing *Roberts v. WMC Mortg. Corp.*, 173 Fed. App'x 575, 577 (9th Cir. 2005).

The court agrees with Alpha that there is no reason to apportion the fees in this case. This circuit consistently finds that when claims are intertwined, as here, no need exists to apportion attorneys' fees. *See JES Solar Co. Ltd. v. Kim*, 2022 WL 1101758, at *2 (9th Cir. 2022). Northcon and Southwestern's claims against Alpha and ACIC, and vice-versa, all arose out of the same construction project to which all parties were involved.

Northcon also argues that Alpha failed to substantiate the reasonableness of its requested fees, specifically contending that the fees are duplicative and inefficient. (ECF No. 271 at 6). Northcon argues that the time entries, particularly those of Mr. Medrala, lack sufficient detail to determine the reasonableness of the fee requested. (*Id.* at 8.) Northcon points out just one example of an unreasonable fee, that being Mr. Medrala's time entry reading, "*02/23/2019 Draft: email to client.*" (*Id.*)

The court is not persuaded. Northcon has failed to show that the fees and expenses are unreasonable. Merely pointing out that one email, out of all time entries, lacks sufficient detail to determine the reasonableness of the fee requested is unavailing. Therefore, the court finds it appropriate to award Alpha an award of attorneys' fees and costs in the amount of $192,995.57.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 11 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Northcon's motions for reconsideration (ECF Nos. 267; 283) be, and the same hereby are, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that this court's findings of fact and conclusions of law (ECF No. 264), as well as its judgment (ECF No. 269) be, and the same hereby are, AMENDED, to reflect that Alpha is entitled to attorneys' fees under the subcontract, but ACIC is not.

IT IS FURTHER ORDERED that Southwestern's objection to the form of judgment (ECF No. 270) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Alpha's motion for attorneys' fees (ECF No. 266) be, and the same hereby is, GRANTED. Alpha shall be awarded $192,995.57 in costs and fees.

IT IS FURTHER ORDERED that ACIC's motion for attorneys' fees (ECF No. 268) be, and the same hereby is, DENIED.

DATED March 20, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**